BAUER ET AL. *v.* BIEL ET AL.

[No. 19,441. Filed September 22, 1961.]

*Berry, Kincade & Allen,* of Terre Haute, for appellant.

*Dix, Dix, Patrick, Ratcliffe & Hicks,* of Terre Haute, for appellees Biel and Maners.

*Stanley E. Stohr,* of Terre Haute, *James V. Donadio, Geoffrey Segar,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellees, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin.

Ax, J.—This cause comes to us by reason of the refusal of appellants to plead over after the court below sustained demurrers to a first and second paragraph of appellants' second amended complaint.

Appellants' first paragraph of amended complaint appears to be an action in tort for damages in defrauding appellants out of their right to collect attorney fees in connection with a Workmen's Compensation proceeding. This first paragraph, omitting the caption, reads as follows:

"Plaintiffs complain of defendants, and each of them, and for amended complaint herein, allege and say:

1. That plaintiffs are partners, duly admitted to and engaged in the practice of law in the City of Terre Haute, Indiana, and have been so engaged at all times mentioned herein.

2. That prior to the 15th day of October, 1952, Howard F. Maners was an employee of defendant, Berns Construction Co., and while engaged in performing the duties of his said employment, for said defendant, received fatal injuries causing his death. That at the time of the death of the said Howard F. Maners, defendant Berns Construction Co. was insured and carried compensation insurance for the death of any of its said employees with defendant, Employers Mutual Liability Insurance Company of Wisconsin.

3. That on or about October 15, 1952, defendant, Catherine L. Maners, consulted with and employed plaintiffs to represent her in an action or claim for damages on account of and as the result of the wrongful death of Howard F. Maners in her action or claim for Workmen's Compensation under and pursuant to Indiana Workmen's Compensation Act.

4. That plaintiffs herein accepted said employment to represent defendant, Catherine L. Maners in her claim or action for compensation, under and pursuant to the Indiana Workmen's Compensation Act, and had numerous conferences pertaining thereto with said defendant, made extensive legal research in connection therewith, and advised and counselled with said defendant pertaining to her rights and compensation thereunder. That in addition thereto, plaintiffs filed a claim or action for Workmen's Compensation pursuant to the Indiana Workmen's Compensation Act, which said claim and action was duly filed with the Industrial Board of the State of Indiana.

5. That thereafter said defendant, Employers Mutual Liability Insurance Company of Wisconsin, as the compensation carrier of defendant, Berns Construction Co., had numerous conferences with plaintiffs herein, as attorneys for and on behalf of defendant, Catherine L. Maners, in an attempt to

negotiate a settlement with said plaintiffs for compensation on account of said wrongful death, and offered to pay compensation benefits on account of said wrongful death in the approximate sum of $3,500.00.

6. That said defendant John G. Biel, is an attorney duly admitted to practice law in the State of Indiana, and said defendant Biel, and defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, through their agents and servants, were acquainted with and had knowledge of the provisions of the Indiana Workmen's Compensation Act and knew and had knowledge, at all times mentioned herein, that if and in the event an award was made and entered into and approved by the Industrial Board of the State of Indiana, and plaintiffs herein, were attorneys of record for and representing defendant, Catherine L. Maners, in her claim for compensation for said wrongful death, that said Board would allow and award plaintiffs herein attorneys' fees for representing said claimant.

7. That said defendants, John G. Biel and Catherine L. Maners, and defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, through their agents and servants, knew and had knowledge at all times mentioned herein that plaintiffs were the attorneys of record for and represented said defendant Maners, in said claim for compensation, but notwithstanding said knowledge on the part of all defendants herein, said defendants entered into a plan and conspiracy of deceit to cheat and defraud plaintiffs out of their attorneys' fees and compensation due to plaintiffs herein for services rendered in connection with said claim for compensation for said wrongful death, and as a part of the plan, defendant, John G. Biel, and defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, induced defendant, Catherine L. Maners, to settle said claim or action for damages on account of said wrongful death, for the sum of $1,200.00, and that the said defendants did settle said claim or cause of action for compensation on account of said wrongful death, for $1,200.00, with

the knowledge and intent to then and there cheat and defraud plaintiffs of their said attorneys' fees for services rendered, and for which plaintiffs were rightfully entitled thereto.

8. That said defendants at all times knew that plaintiffs herein were entitled to attorneys' fees of approximately $500.00, on a settlement of $3,500.00, which said amount had been negotiated, as hereinabove alleged, and that said attorneys' fees were reasonable for services rendered, and that the Industrial Board would fix and award plaintiffs herein said attorneys' fees.

9. That said defendants herein, and each of them, entered into their plan of conspiracy by making said settlement direct with defendant, Catherine L. Maners, for the sum of $1,200.00, without the knowledge, consent or approval of plaintiffs herein, and while plaintiffs herein were still attorneys of record, all within the knowledge of said defendants, and thereafter in pursuance of said plan, had the necessary papers executed and the claim and cause of action disposed of which was pending before said Industrial Board, then and thereby defrauding plaintiffs of their said attorneys' fees in the sum of $500.00, all to plaintiffs' damage in the sum of $500.00.

10. That said defendants herein, and each of them, in carrying out their plan of conspiracy, as alleged herein, caused the appearance of said plaintiffs herein to be withdrawn as attorneys for defendant, Catherine L. Maners, before said Industrial Board, and said Industrial Board did not know at said time that said plaintiffs were still the attorneys for said defendant, Catherine L. Maners, and that after said defendants made said settlement, the said defendants petitioned the said Industrial Board not to allow any attorney fee, the said Industrial Board then not having any knowledge that the withdrawal of plaintiffs as attorneys of record was done by deceit and fraud and a part of the conspiracy, and said Industrial Board, acting on behalf of the defendants herein, allowed no attorney fees, as prayed by said defendants' petition, and said plaintiffs were not notified of said petition or the ruling of said Industrial Board until after time for

review had passed, and were at no time served with any notice that any petition was pending or had been ruled upon, or that their appearance as attorneys of record for defendant, Catherine L. Maners, had been withdrawn.

WHEREFORE, plaintiffs sue and demand judgment against said defendants, and each of them, in the sum of $500.00, costs of this action, and all other just and proper relief."

Appellants' second paragraph of amended complaint apparently proceeds upon the theory of breach of contract for payment of attorney fees for service rendered in a Workmen's Compensation proceeding, and omitting caption, reads as follows:

"Plaintiffs complain of defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, and for second paragraph of amended complaint herein, allege and say:

1. Plaintiffs herein incorporate by reference and make a part of this second paragraph of amended complaint, all of the allegations of rhetorical paragraphs 1, 2, 3, 4, 5, 6, 7, and 8 of the first paragraph of amended complaint herein.

9. Plaintiffs further allege that upon said settlement of said claim or action for Workmen's Compensation was made by defendants herein, and said claim and action pending before the Industrial Board of the State of Indiana, that the agents and servants of said defendants, Berns Construction Co., and Employers Mutual Liability Insurance Company of Wisconsin conferred and negotiated with plaintiffs herein, pertaining to the amount due and owing plaintiffs herein for legal services rendered as hereinabove alleged, and said defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, through their agents and servants, fixed and determined the reasonable value of legal services rendered by plaintiffs herein as hereinabove alleged, to be reasonably worth and of the value of $500.00, and said sum of $500.00 was found to be due plaintiffs from

said defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, and the said defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, through their respective agents and servants, agreed to pay plaintiff said sum of $500.00.

10. That said sum of $500.00 is due and unpaid to plaintiffs and said defendants have wholly failed and refused to pay the same.

WHEREFORE, plaintiffs sue and demand judgment against said defendants, Berns Construction Co. and Employers Mutual Liability Insurance Company of Wisconsin, and each of them, in the sum of $500.00, costs of this action, and all other just and proper relief."

The first paragraph was addressed to all of the appellees hereinbefore mentioned, whereas the second paragraph was addressed only to appellees, Berns Co. and Employers Liability Insurance Co.

Appellees filed a motion to strike and to make more specific, which was overruled. Thereafter, appellees Biel and Maners filed their joint demurrer, alleging that the court had no jurisdiction over the subject matter and that the complaint did not state facts sufficient to constitute a cause of action. Appellees, Berns and Employers, joined together in a demurrer, alleging essentially the same grounds. The court sustained the demurrers and appellants refused to plead over. Appellants bring this appeal.

In support of their complaint appellants contend that the first paragraph was grounded upon the theory that appellees entered into and consummated a conspiracy to cheat and defraud appellants of their reasonable attorney fees, and that the second paragraph asserted a cause of action against the appellees, Berns and Employers, upon a theory of an express contract by which

the said appellees agreed to pay appellants their reasonable attorney fees and have failed and refused to do so.

The question for our consideration is whether the lower court erred in sustaining appellees' demurrers. That is, did appellants' complaint state a cause of action and if so, did the court have jurisdiction?

The demurrers filed by appellees were supported by memorandums which in substance allege that the lower court does not have jurisdiction over the subject, i.e., only the Industrial Board of this state has jurisdiction to award attorneys' fees under such circumstances. Cited therein was §65 of the Indiana Workmen's Compensation Act (§40-1516 Burns' Indiana Statute Annotated 1952 Replacement), the pertinent part reading as follows:

> "The fees of attorneys . . . shall be subject to the approval of the Industrial Board. When any claimant for compensation is represented by an attorney in the prosecution of his claim the Industrial Board shall fix and state in the award, . . . the amount of the claimant's attorney's fees. The fee so fixed shall be binding upon both the claimant and his attorney, and the employer shall pay to attorney out of the award the fee so fixed . . . ."

Because the two paragraphs of appellants' complaint are founded on two separate theories we will discuss them separately.

With respect to the first paragraph, the law has long recognized that a client may discharge his attorney at any time. It has been stated that a client may do so without the knowledge or consent of his attorney. The right and power to do so, however, will be viewed with suspicion. *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117.

". . . the general rule favors such transactions only when they are carried out openly and in good faith and are untainted with fraud, duress, undue influence and collusion. . . ." *Kitch, Administrator* v. *Moslander* (1943), 114 Ind. App. 74, 82-83, 50 N. E. 2d 933.

The *Miedreich* v. *Rank* case *supra*, has an excellent discussion on this question. It was there held that dishonest settlements made to cheat attorneys out of their fees will be brushed aside by the court with a "strong hand."

". . . The law favors compromises, and the settlement of litigation is encouraged, but such favor does not extend to transactions which are flavored with fraud." P. 399.

. . .

" 'While honest settlements between the parties to a litigation, made without any intention of taking advantage of the attorneys are commendable and to be encouraged, collusive and fraudulent settlements made for the purpose of defrauding the attorneys are, of course, represensible. If such are attempted, the court may interfere to protect the attorney. Its power to do so is inherent, and is founded on its right to protect its own officers against collusion and fraud practiced by the parties to the cause.' " P. 399.

If appellants' allegations are correct, then final determination was made by the Industrial Board on this matter after appellants' discharge. Unless appellants were notified that the Board was intending to rule on the question of attorney fees, it would have been impossible for them to present their claim. Essentially, appellants' allegations are predicated upon the theory that appellees by design, caused the Board to rule that no attorney fees need be awarded. We see no reason why an action for fraud and conspiracy to defraud in such a case would not lie. The fact that the

proceedings were held before an administrative body, with exclusive authority to determine the fees to be awarded attorneys, should not preclude attorneys from their remedy to collect damages for fraud practiced upon them by any of the parties thereto. A close examination of the Workmen's Compensation Act clearly indicates that the Board does not have jurisdiction to hear such cases. The suit herein is not a part of the petition filed before the Board by appellants on behalf of appellee Maners. It is an independent action at law to recover damages, for loss of fees to which appellants allege they were entitled under the rules of the Industrial Board. Such is not covered nor prohibited by the aforesaid §65 of the Workmen's Compensation Act.

The Superior Court of Vigo County Number Two is a court of general civil jurisdiction, its jurisdiction being concurrent in civil matters with that of the Vigo Circuit Court except in probate matters. See Burns' §4-2210 (1946 Replacement) and Burns' §4-303 (1946 Replacement). It is our opinion that the lower court had jurisdiction to hear this case. Since only the question of jurisdiction was raised by the memorandums to the demurrer, we are not considering whether or not there are any other apparent defects in appellants' first paragraph of complaint. Therefore, it was error for the court to sustain appellees' demurrer to the first paragraph of appellants' complaint.

Appellants' second paragraph is predicated upon the theory of breach of an express contract. In that particular paragraph which is addressed to Berns and Employers, appellants allege that said appellees expressly agreed to pay to appellants the sum of $500.00 as a reasonable attorney fee, based upon a negotiated settlement of $3,500.00 for and on behalf of the appellee Maners.

Such a contract is unenforceable. This type of agreement is substantially the type referred to by the courts in *Buckler* v. *Hilt et al.* (1936), 209 Ind. 541, 200 N. E. 219, 103 A. L. R. 901; *Richert* v. *Schreiber et al.* (1946), 116 Ind. App. 621, 66 N. E. 2d 769.

In the *Buckler* case *supra,* the Supreme Court held:

". . . that the purpose and necessary effect of the provisions of §65 are to limit attorney's fees in compensation cases to an amount to be fixed ■ by the Industrial Board. And this obviously precludes the possibility of creating by contract a valid and enforceable claim for a sum of money equal to a designated per centum of an anticipated award."

If such a contract cannot be enforced, it is apparent that appellants cannot have a cause of action for the alleged breach thereof. Appellants may anticipate the amount of fee which will be received. Both appellants and appellees may even agree as to how much the amount will be, but final determination of the amount rests with the Board.

It is our opinion that the second paragraph of the said complaint did not state facts sufficient to constitute a cause of action, therefore, it was not error for the lower court to sustain that portion of the demurrer.

Judgment of the court below in sustaining appellees' joint demurrer to the appellants' second paragraph of amended complaint is affirmed. Judgment of the court below in sustaining appellees' joint demurrer to the appellants' first paragraph of amended complaint is reversed, and this cause is now remanded back to the court below with instructions to overrule appellees' joint demurrer to appellants' first paragraph of amended complaint.

Ryan, P. J., Cooper, Myers, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 269.