Charlene SANDERS and Levon Sanders, Appellants, (Plaintiffs Below),

v.

Earl TOWNSEND, Jr. and Townsend, Hovde, Townsend & Montross, Appellees, (Defendants Below).

No. 2–285–A–55.

Court of Appeals of Indiana, Second District.

June 29, 1987.

Jon R. Pactor, Indianapolis, for appellants.

Cory Brundage, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Charlene Sanders was injured in an automobile accident with a third party in Tipton County on December 15, 1980. Charlene and her husband, Levon, retained Earl Townsend, Jr. and Townsend, Hovde, Townsend & Montross (afterwards collectively referred to as Townsend) to represent them in their claim for damages for Charlene's injuries and Levon's loss of con-

sortium. After suit was filed Townsend negotiated, and the Sanders accepted, a $3,000 settlement from the third party's insurance company. The Sanders subsequently sued Townsend claiming they were coerced into an inadequate and unfair settlement. Townsend moved for summary judgment, which the trial court granted. The Sanders' motion to correct error was denied and this appeal followed.

We affirm in part and reverse in part.

Summary judgment is proper only when there is no issue of material fact. An issue of fact is material if it is relevant to the proof or disproof of any legal element necessary to sustain a cause of action or defense. Even if the facts are not disputed, summary judgment is not appropriate when conflicting inferences may be drawn from the facts. *Steele v. Davisson, Davisson & Davisson P.C.* (1982), Ind.App., 437 N.E.2d 491.

A defendant seeking summary judgment must demonstrate the undisputed material facts negate at least one element of the plaintiff's claim.[1] This is true even where, as here, the plaintiff would have the burden of proof at trial. *McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168. To counter a summary judgment motion filed by the defendant and supported as provided by Indiana Rule of Trial Procedure 56, the plaintiff:

"may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

T.R. 56(E). In ruling on a motion for summary judgment the trial court does not resolve factual controversies but only determines whether there is a material issue of fact which must be resolved by trial.

Therefore, in reviewing the trial court's ruling, we must first discern whether Townsend's material supporting his motion

---

**1.** Alternatively, a defendant could show the undisputed material facts establish a defense to plaintiff's claim.

for summary judgment set forth facts negating any material element of the Sanders' claim, and if so, determine whether, in response, the Sanders controverted those facts thereby creating a genuinely disputed issue for trial.

### I. Negligence

■ The Sanders' complaint noticed a claim for legal malpractice grounded in negligence. "The law is well settled in Indiana that an attorney may be held liable to his client for damages resulting from his failure to exercise ordinary care, skill and diligence." *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 401 (citations omitted). Breach of that duty, combined with damages proximately caused by the breach, completes a cause of action for attorney negligence. *See Fiddler v. Hobbs* (1985), Ind.App., 475 N.E.2d 1172, 1173.

■ The Sanders alleged Townsend failed to attend a hearing on the third party's motion for change of venue to the county with preferred venue and was sanctioned by the court for his failure to appear, advised the Sanders to sign settlement papers which destroyed the Sanders' insurance company's subrogation rights, and did not adequately investigate the worth of the Sanders' claim. The Sanders claimed as a result of Townsend's negligence, they settled the case for an amount far less than its actual worth.

We now look to determine if Townsend, pursuant to his motion for summary judgment, successfully adduced uncontroverted facts negating any element of the Sanders' case as a matter of law: duty, breach, proximate cause, or damages. As previously discussed, Townsend owed to the Sanders a duty to use ordinary care, skill and diligence in his representation of their claim. Turning to the question of a breach, among the interrogatories, depositions, and affidavits filed by Townsend, he asserted the Sanders asked him to attempt to settle for $3,000; he did not attend the preferred venue hearing because of illness; and, he

did not advise the Sanders of the subrogation consequences of signing the release because the Sanders never told him another insurance company was involved.

Townsend also denied the Sanders were damaged by the settlement. He submitted an affidavit from the Sanders' insurance company stating the company would not pursue any subrogation claim it might have against the Sanders and an affidavit of an attorney stating the settlement amount was reasonable. Townsend also set forth circumstances surrounding the settlement, including an unfavorable doctor's report and Townsend's opinion the case would not be favorably venued.[2] Townsend thus denied he breached the duty owed to the Sanders and denied the Sanders were damaged, two elements of the Sanders' cause of action. Accordingly, the Sanders were required to respond with appropriate materials in opposition—showing genuinely disputed facts surrounding the breach of duty and damages.

In depositions, affidavits, and interrogatories, the Sanders at least created a factual issue as to whether Townsend breached a duty owed them. Charlene reiterated in a deposition the allegations in the complaint, and also stated she specifically discussed her insurance company's subrogation status with Townsend. Without considering every possible alleged breach, the material before the trial court establishes genuine issues of material fact which, if true, a reasonable fact finder could conclude constitutes the breach of the duty owed by an attorney to his client.

■ As for damages, the majority of recent cases requires a plaintiff, in proving attorney negligence in the context of challenging a settlement or jury award as inadequate, must show, had the attorney not been negligent, the settlement or verdict award would have been greater. *See Glenna v. Sullivan* (1976), 310 Minn. 162, 245 N.W.2d 869; *Nause v. Goldman* (1975), Miss., 321 So.2d 304; *Becker v. Julien,*

2. The record reveals the case was settled before the transfer of venue from Marion County to Tipton County, pursuant to the preferred venue motion of the third party, was perfected. In Townsend's opinion, a motion for change of venue from Tipton County would have resulted in a venue equally unfavorable to the Sanders who are black.

*Blitz & Schlesinger* (1977), 95 Misc.2d 64, 406 N.Y.S.2d 412. *See generally Annot: Attorney Negligence-Damages*, 45 A.L. R.2d 62 § 2 and later case service. Although Indiana courts have not yet addressed the issue, we agree such a showing is a prerequisite for recovery and deem it axiomatic if the result would not have been otherwise, absent the negligence, the plaintiff is not damaged.

■ In her deposition Charlene stated the scar on her face was worth more than $3,000 to her and in affidavits Charlene and Levon stated they were forced to give up the original lawsuit for less money than they thought it was worth. Also the Sanders' attorney executed an affidavit with an attached report estimating the value of the Sanders' automobile accident claim and excerpts from Verdict Magazine containing reports based on information allegedly submitted by Townsend disclosing settlement and jury award amounts in personal injury cases.

Because the issue of damages is whether, in the absence of attorney negligence, the settlement would have been greater than $3,000.00, any evidence tending to establish Charlene's injuries had a settlement value of more than $3,000 would create an issue of fact. The affidavits of Charlene and Levon stating Charlene's forehead scar was worth more to them than $3,000 fail to address this inquiry. The affidavits of the Sanders only express their personal opinions as to the value of the scar to them and not in the context of the many considerations relevant to value in a settlement context, such as liability, expense of trial, etc. A litigant's personal opinion of a scar's value to the litigant, standing alone, is irrelevant to the issue of the settlement value of the scar, and accordingly, does not controvert a factual assertion of value based upon relevant considerations. Accordingly, the affidavits of the Sanders fail to create a disputed issue of fact on the question of the reasonableness of the settlement figure, i.e., on the element of damage.

■ The Sanders also contend the jury verdict research report creates a material issue of fact concerning damages. The report was an evaluation of the Sanders' accident claim prepared by Jury Verdict Research Inc. and based in part on information provided to the company by the Sanders' attorney. The report bore the initials of a representative of the company, but no signature, and gave little indication how the conclusion valuing the claim at $17,-250.00 was reached. The report was attached to an affidavit executed by the Sanders' attorney which related how he obtained the information he submitted to Jury Verdict Research, Inc. Because the conclusion of the report was based on information within the special knowledge of Jury Verdict Research Inc., as well as the facts submitted by the Sanders' attorney, the report did not represent facts within the personal knowledge of the affiant as required by T.R. 56. Accordingly, because an affidavit was not submitted by a representative of Jury Verdict Research, the report contains hearsay. No exception to the hearsay rule applies to the report, and consequently, the trial court could not consider the report in ruling on Townsend's summary judgment motion.

■ Finally, the excerpts from Verdict Magazine may not be considered in determining whether the Sanders' created a genuine issue of fact on damages. The excerpts, allegedly based on information supplied by Townsend, are out-of-court statements by Verdict Magazine, offered for the truth of the assertions therein and thus constitute hearsay. Further, to the extent any information submitted by Townsend is based on facts not within Townsend's personal knowledge, the excerpts are double hearsay. Therefore, because no exception to the hearsay rule allows the admission of the magazine excerpts, they do not create an issue of material fact with respect to damages.

In conclusion, Townsend set forth material denying the Sanders were damaged and the Sanders failed to adduce facts as would be admissible in evidence contradicting Townsend's material. Consequently, no issue of material fact with respect to damages was raised, and summary judg-

ment was properly entered for Townsend on the count of negligence.

## II. Constructive Fraud

In their second amended complaint the Sanders also noticed a claim Townsend committed constructive fraud by breaching fiduciary duties he owed them. They claim Townsend told them if they did not settle, he would put their case in the dead files, and they would get nothing; their act of settling would not impinge their insurance company's right of subrogation; and they must settle quickly before the other party insurance company's lawyer returned to Indianapolis. The Sanders also claim there was a provision in the fee agreement between them and Townsend prohibiting them from settling their case without Townsend's consent.

Constructive fraud is the breach of a legal or equitable duty which is fraudulent because of its tendency to deceive others, to violate a public or private trust, or to injure public interests. Unlike actual fraud, intent to deceive is not an element of constructive fraud. Instead the law infers fraud from the relationship of the parties and the circumstances which surround them. *See Blaising v. Mills* (1978), 176 Ind.App. 141, 374 N.E.2d 1166; *Coffey v. Wininger* (1973), 156 Ind.App. 233, 296 N.E.2d 154; *Daly v. Showers* (1937), 104 Ind.App. 480, 8 N.E.2d 139; *Leader Publication Co. v. Grant Trust* (1914), 182 Ind. 651, 108 N.E. 121.

Constructive fraud may occur within the framework of a fiduciary relationship, and the breach of a fiduciary duty may form the basis of an action for constructive fraud. As stated in *Leader Publication Co. v. Grant Trust*, 182 Ind. at 661, 108 N.E. at 124, "General public policy prevents a person from deriving a benefit to himself or working a wrong to another through a fiduciary relationship existing between the parties. Such a transaction is constructively fraudulent and hence may be impeached between persons sustaining the relationship." *See also Teegarden v. Lewis* (1895), 145 Ind. 98, 40 N.E. 1047, 44 N.E. 9. And in *Hall v. Department of State Revenue* (1976), 170 Ind.App. 77, 351 N.E.2d 35 the Court quoted with approval the following language from *Gorham v. Gorham* (1913), 54 Ind.App. 408, 103 N.E. 16: "[A]ny breach of a duty arising from a confidential or fiduciary relationship whereby the party at fault, without any actual fraudulent intent gains an advantage at the expense of anyone to whom he owes such duty, amounts to a constructive fraud." *See also Hall-Hottel Co. v. Oxford Square Co-op., Inc.* (1983), Ind.App., 446 N.E.2d 25.

The elements of constructive fraud are: a duty existing by virtue of the relationship of the parties; representations or silence which are deceptive and violative of that duty; proximate cause, that is, reliance on the representations or silence; and injury. *Blaising v. Mills*, 374 N.E.2d at 1169; *Windle v. City of Valparaiso* (1916), 62 Ind.App. 342, 113 N.E. 429.

As an attorney, Townsend stood in a fiduciary relationship to the Sanders, his clients. When entering an attorney-client relationship, an attorney assumes several duties peculiar to the fiduciary nature of the relationship. The attorney must act solely on behalf of his client(s), *Bailey v. Martz* (1986), Ind.App., 488 N.E.2d 716, must fully disclose all salient law and facts bearing on any decisions the client(s) must make, Indiana Code of Professional Responsibility EC7–8, and must accurately inform the client of the client's rights and duties. *Id.*

A client has full authority over the decision whether to settle the case or proceed to trial, *State ex rel McNabb v. Allen Superior Court No. 2* (1947), 225 Ind. 402, 75 N.E.2d 788; *Kitch v. Moslander* (1943), 114 Ind.App. 74, 50 N.E.2d 933; *Miedreich v. Rank* (1907), 40 Ind.App. 393, 82 N.E. 117; Indiana Code of Professional Responsibility EC7–7, tempered, however, at least by the attorney's right to protect himself against fraudulent collusion between his client and the adverse party, intended to deprive the attorney of his fee. *Bauer v. Biel* (1961), 132 Ind.App. 224, 231–32, 177 N.E.2d 269, 273; *Miedreich v. Rank*, 40 Ind.App. at 399, 82 N.E. at 119.

In the case of irreconcilable differences in the attorney-client relationship such as a client who wishes to proceed to trial rather than follow his attorney's recommendation of settlement, the attorney has the option to withdraw from representation. *See* Indiana Code of Prof. Responsibility EC 7–8, accompanying fn. 20, and DR 2–109; *see also Hawblitzel v. Hawblitzel* (1983), Ind.App., 447 N.E.2d 1156, 1159. However,

> "[e]ven when he justifiably withdraws a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm."

*Bailey v. Martz,* 488 N.E.2d at 724 (quoting Indiana Code of Professional Responsibility, EC 2–32).

Consequently, the Sanders pleaded a prime facie case of constructive fraud, and we must determine if Townsend, through appropriate material, negated at least one element of the Sanders' claim.

According to Townsend's summary judgment material relevant to this issue, he did not know the Sanders had an insurance company whose subrogation rights would be destroyed by the release, he did not threaten to lose their file, he deemed it important to settle quickly before the third party's lawyer obtained a copy of a letter written by a doctor who had examined Charlene Sanders, and the Sanders gave Townsend authority to settle for $3,000.00. As in the claim of negligence, Townsend submitted material the case was not worth more than the amount for which it was settled, and submitted an affidavit from the Sanders' insurance company stating it would not seek subrogation. Thus, Townsend presented material denying any fraudulent conduct on his part and denying the Sanders were damaged.

The Sanders, in response, submitted Charlene's deposition which reiterated the allegations in their second amended complaint and denied Townsend's factual assertion. In her deposition, Charlene stated Townsend threatened to lose her file, and told her she would get nothing, that he was through messing with the case if she did not accept the $3,000.00 settlement. She also stated she made Townsend aware of potential subrogation considerations vis a vis her insurance company, and specifically questioned him whether signing the settlement release would hinder her insurance company's ability to be reimbursed by the third party with whom she was settling. Hence, the material before the trial court failed to negate the existence of an issue of fact with respect to the Sanders' claim of fraudulent conduct.

Townsend nevertheless claims summary judgment was proper because the Sanders did not contest with competent material the evidence produced by Townsend to the effect the case was not settled for less than its worth. However, the injury in the Sanders' claim of constructive fraud is different than the injury in their attempted negligence cause of action. Accordingly, the measure of damages is different.

In cases of constructive fraud, intent to deceive is not required because the parties involved are not at arm's length. The element of intent is replaced by the element of the special relationship between the parties as, for example, the fiduciary relationship. Thus, although the tort of actual fraud vindicates the moral principle one should refrain from representations intended to work a fraud, the tort of constructive fraud vindicates the principle that, in the special relationship encompassed within the purview of the tort, the dominant party must take care not to injure, even inadvertently, the rights of the weaker party, who has relied on the dominant party for expertise, skill, abilities and guidance in an area in which the weaker party is unversed. Thus, in a legal negligence claim, the injury is the loss of the worth of the underlying claim; but, with respect to constructive fraud where fiduciary duties are breached, the primary injury is the loss of rights belonging to the weaker party.

The injury complained of with respect to Townsend's alleged breach of fiduciary duty is the deprivation of the right to choose between trial or settlement, or rejection of one settlement offer in hopes of a better offer. Consequently, while the loss of value of the underlying claim may flow from the breach, it is not the exclusive measure of damages.

Further, although the presence of an injury is an essential element of fraud, *Windle v. City of Valparaiso* (1916), 62 Ind.App. 342, 355, 113 N.E. 429, 434, nominal damages may be awarded. *Rochester Bridge Co. v. McNeill* (1919), 188 Ind. 432, 438, 122 N.E. 662, 664; *accord Gilchrist v. Perl* (1986), Minn., 387 N.W.2d 412, 416 where the court said: "Because clients have an absolute right to their attorney's undivided loyalty, any breach is deemed to result in some harm entitling the client to reparation consisting of at least nominal damages...." In fact, more than nominal damages may be appropriate. For example, forfeiture of the attorney's fees may be appropriate.[3] In *Rice v. Perl* (1982), Minn., 320 N.W.2d 407, 410–411 the court held Perl and his law firm breached their fiduciary duty to a client, Rice, a woman whose Dalkon Shield settlement was negotiated by Perl, by failing to disclose the insurance company adjuster for the A.H. Robbins Co. was simultaneously employed by the Perl law firm on other matters. The court held an attorney who breaches a fiduciary duty to a client forfeits his right to compensation without any requirement the client prove special damages and without regard to whether the fraud was intentional or only constructive. Consequently, Townsend's evidence the settlement amount was reasonable does not negate the existence of a genuine issue of material fact on damages because reasonableness of the settlement amount is not determinative of the question.

In conclusion, genuine issues of material fact exist concerning the Sanders' cause of action for constructive fraud and hence summary judgment is not appropriate on that claim.

Judgment affirmed on the claim for negligence; judgment reversed on the claim for constructive fraud; and cause remanded for further proceedings. Costs taxed one-half to appellants; one half to appellees.

MILLER and SULLIVAN, JJ., concur.

---

**3.** In Indiana, recission and restitution, a return to the status quo ante, has long been a remedy for fraud and constructive fraud. *See Blaising v. Mills*, 374 N.E.2d at 1172 and authorities cited. However, in a case such as is before us, where a third party (the defendant in the case on the underlying merits) is involved, the principles of returning the parties to the status quo ante is inappropriate. For example, the settlement with the third party should not be voided in the absence of any allegation of fraud on the part of that party. Similarly, the settlement is not subject to a collateral attack on the ground attorney malpractice caused the acceptance of the settlement. *See Biddle v. Pierce* (1895), 13 Ind.App. 239, 41 N.E. 475 (Settlement, on collateral attack, binding on party to underlying action who was represented by counsel, even if assent of counsel to settlement was unauthorized.)