Donald E. HEDRICK and John K. Snyder, Appellants–Plaintiffs,

v.

Don A. TABBERT, Tabbert, Hahn, Kempf, McKinley & Zanetis, P.C., Appellees–Plaintiffs.

No. 49A02–9906–CV–423.

Court of Appeals of Indiana.

Jan. 31, 2000.

Anthony M. Benedict, Currant & Bennett, Indianapolis, Indiana, Timothy O. Dudley, Cathleen Compton, Little Rock, Arkansas, Attorneys for Appellants.

David E. Wright, Leagre Chandler & Millard, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

BAILEY, J.

### Case Summary

Appellants–Plaintiffs Donald E. Hedrick and John K. Snyder ("Hedrick and Snyder") appeal the decision of the trial court granting partial summary judgment in favor of Appellees–Defendants Don A. Tabbert and the law firm of Tabbert, Hahn, Kempf, McKinley & Zanetis, P.C. (collectively "Tabbert") in a legal malpractice action. We affirm.

### Issue

Hedrick and Snyder present the following issue for review:

Whether the trial court erred when it granted Tabbert's motion for partial summary judgment.[1]

### Facts/Procedural History

The facts most favorable to the nonmoving party are that Hedrick and Snyder were members of the Board of Directors of the Rushville National Bank ("the Bank") located in Rushville, Indiana. (R. 20). On December 18, 1992, federal regulatory authorities seized and closed the Bank. (R. 20). On February 22, 1994, Hedrick and

---

1. Hedrick and Snyder also contend that the trial court erred when it struck an affidavit offered in support of its response to Tabbert's motion for summary judgment. We do not address this issue, inasmuch as its disposition does not affect our holding affirming summary judgment.

Snyder filed a notice of tort claim against the federal regulatory authorities pursuant to the Federal Tort Claims Act.[2] (R. 23, 82). Two months later, Hedrick and Snyder filed their second notice of tort claim, this time against employees of the federal regulatory authorities.[3] (R. 82.) The federal government denied each notice of claim. (R. 82–83). After the government denied the first notice,[4] Hedrick and Snyder filed the FTCA Action in district court. (R. 83). Hedrick and Snyder filed the *Bivens* Action in federal court after the government denied the first notice of claim, but before it denied the second notice of claim. (R. 82–83).

Following denial of the second notice of claim, Tabbert, who now represented Hedrick and Snyder,[5] was concerned as to whether previous counsel had exhausted administrative remedies in the *Bivens* Action. (R. 121, 161). In response, on January 27, 1995, Tabbert both dismissed the original *Bivens* action and filed a second *Bivens* action in federal court using an identical complaint. (R. 23–24).

Tabbert filed the second *Bivens* action outside the statute of limitations. (R. 24). The federal district court dismissed the second *Bivens* Action on that basis, as well as on the basis that 28 U.S.C. § 2676 barred the claim.[6] Hedrick and Snyder subsequently retained another attorney to appeal the adverse judgment in the *Bivens* Action. (R. 114). Ultimately, the United States Court of Appeals for the Seventh Circuit affirmed the decision of the district court, holding that the lower court properly dismissed the cause of action based on the applicable statute of limitations and 28 U.S.C. § 2676. (R. 81–87).

On December 23, 1996, Hedrick and Snyder filed a complaint against Tabbert. (R. 20). Count I of the complaint alleged that Tabbert committed professional malpractice when it dismissed the original *Bivens* Action and filed the second *Bivens* Action after the statute of limitations had expired. (R. 23–24). Tabbert filed a motion for summary judgment as to Count I, alleging that any acts or omissions committed by Tabbert did not proximately cause damage to Hedrick and Snyder. (R. 48). The trial court granted Tabbert's motion for summary judgment. This appeal ensued.

### Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). Once the moving party has met its burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, the opponent must respond by setting forth specific facts showing a genuine issue for trial, and may not simply rest on the allegations contained in the pleadings. *Bethlehem Steel Corp. v. Loh-*

---

**2.** 28 U.S.C. § 2671. We shall refer to the cause of action arising from this claim in the federal district court as the "FTCA Action."

**3.** We shall refer to the cause of action arising from this claim in the federal district court as the "*Bivens* Action." See *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (allowing action for damages against individual federal agents who conducted search, seizure, and arrest without probable cause).

**4.** The record is unclear as to the exact date.

**5.** Hedrick and Snyder retained Tabbert after their previous counsel had filed the FTCA Action and the *Bivens* Action. (R. 23).

**6.** 28 U.S.C. § 2676 states that a judgment under the Federal Tort Claims Act "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim [i.e., a *Bivens* action] ." Here, the federal district court entered judgment against Hedrick and Snyder in the FTCA Action before judgment was entered in the *Bivens* Action.

*man*, 661 N.E.2d 554, 556 (Ind.Ct.App. 1996). At the time of the filing of the motion or response, a party shall designate to the court all parts of the evidentiary materials upon which it relies for purposes of the motion. *Id.*; T.R. 56(C). In our review we apply the same standard as the trial court and consider the facts in the light most favorable to the nonmoving party. *Bethlehem Steel Corp.*, 661 N.E.2d at 556.

## Analysis

### *Whether the trial court erred when it granted Tabbert's motion for partial summary judgment.*

Tabbert contends that Hedrick and Snyder are unable to establish that they suffered any damage resulting from the late filing of the second *Bivens* Action, because the district court also dismissed the case based on application of 28 U.S.C. § 2676. Hedrick and Snyder counter that, as a result of Tabbert's negligence, they incurred substantial appellate attorney fees. Specifically, due to Tabbert's negligence, appellate counsel was forced to research and brief the statute of limitations issue, resulting in higher attorney fees on appeal. These higher fees, according to Hedrick and Snyder, constitute damages under Indiana's malpractice caselaw.[7]

### *A. Legal Malpractice Standard.*

■ In order to establish legal malpractice, a plaintiff must prove: (i) that he employed the attorney; (ii) that the attorney failed to exercise ordinary skill and knowledge; and (iii) that such failure was the proximate cause of damage to the plaintiff. *Rice v. Strunk*, 670 N.E.2d 1280, 1283–1284 (Ind.1996). To prove causation and the extent of the harm, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence. This proof typically requires a "trial within a trial." *Picadilly, Inc. v. Raikos*, 582 N.E.2d 338, 344 (Ind.1991).

### *B. Proximate Cause and Intervening Cause*

■ Hedrick and Snyder ask us to hold that damages in a legal malpractice case may include attorney fees incurred for the services of an attorney who appeals a negative judgment resulting from a previous attorney's malpractice. Tabbert argues that, pursuant to Indiana caselaw, appellate attorney fees in this context cannot constitute "damages." In affirming the trial court, we do not characterize the issue as whether Hedrick and Snyder's increased fees constitute damages, but rather, whether Tabbert's negligence proximately caused the appellants to incur higher appellate attorney fees.[8]

■ Proximate cause is an essential element in a legal malpractice claim. *Rice v. Strunk*, 670 N.E.2d at 1283–1284. Proximate cause requires, at a minimum, that

---

7. Hedrick and Snyder also argue that they were damaged by Tabbert's failure to combine the FTCA Action and the *Blevins* Action so as to circumvent the dictates of 28 U.S.C. § 2676. We reject this argument, inasmuch as Hedrick and Snyder failed to include these allegations in the complaint and Tabbert was therefore not sufficiently notified so as to be able to defend the claim. *See* Ind. Trial Rule 8 (requiring that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 994 (Ind.Ct.App.1998). Even had Hedrick and Snyder properly pleaded this claim, they offer no valid authority for the proposition that, had Tabbert filed the FTCA Action simultaneously with the *Bivens* Action, Hedrick and Snyder could have circumvented the dictates of 28 U.S.C. 2676.

8. The parties did not brief the issue of whether Tabbert's actions were negligent. Inasmuch as we affirm the trial court on the basis that Tabbert's actions, negligent or not, did not proximately cause the harm alleged, we shall simply assume for the sake of argument that Tabbert was in fact negligent.

the harm would not have occurred but for the defendant's conduct. *Johnson v. Owens*, 639 N.E.2d 1016, 1023 (Ind.Ct.App. 1994). The test for determining whether a negligent act or omission is a proximate cause of an injury is whether the injury is a natural and probable consequence which should have been foreseen. *Id.* A reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered is an essential element in a cause of action for negligence. *Tipmont Rural Elec. Membership Corp. v. Fischer*, 697 N.E.2d 83, 87 (Ind.Ct.App.1998).

▉ Where harmful consequences are brought about by intervening and independent forces which were not reasonably foreseeable at the time of the defendant's conduct, the chain of causation is broken and the intervening cause may serve to cut off the defendant's liability. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 706 (Ind.Ct.App.1999). Ordinarily, the issue of proximate cause is not properly resolved by summary judgment. *Id.* However, where the injuries could not, as a matter of law, have been reasonably foreseen due to the unforeseeability of an intervening, superseding cause, summary judgment may appropriately be entered in favor of the defendant. *Id.*

Arguably, Tabbert's negligence caused Hedrick and Snyder to incur more appellate attorney fees than they would have absent the negligence. Such a causal connection is not enough, however, to establish Tabbert's liability. *Johnson v. Owens*, 639 N.E.2d at 1023. In order for Hedrick and Snyder to prevail, they must also show that the increased appellate fees were a natural, probable, and foreseeable consequence of Tabbert's negligence. *Id.*

In *Picadilly, Inc. v. Raikos*, 582 N.E.2d at 344, the Indiana Supreme Court stated that, in order to prove the extent of his harm in a legal malpractice action, a client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence. *Id.* at 344. Indeed, Indiana courts have consistently held that a party proves the extent of his harm by showing how he was injured by the *outcome* of the *underlying litigation*, not by showing what action he took as a result of that outcome. (Emphasis added.) *See Fricke v. Gray*, 705 N.E.2d 1027 (Ind.Ct.App.1999); *Cornett v. Johnson*, 571 N.E.2d 572 (Ind.Ct.App. 1991); *Sanders v. Townsend*, 509 N.E.2d 860 (Ind.Ct.App.1987).

Here, Hedrick and Snyder incurred appellate attorney fees because they chose to appeal the federal court's decision, which was affirmed on appeal. Consequently, any additional appellate attorney fees incurred were not caused by the natural outcome of the underlying litigation. Rather, they were the result of Hedrick and Snyder's independent response to the federal court's decision. Therefore, Hedrick and Snyder's decision to appeal was an intervening cause of the appellate fees, rendering Tabbert's negligence, if any, a remote cause for which Tabbert may not be held liable.

Accordingly, we find the trial court did not err when it entered summary judgment in favor of Tabbert.[9]

Affirmed.[10]

KIRSCH, J., concurs.

MATTINGLY, J., concurs in result with separate opinion.

9. Our holding does not reach the issue of whether attorney fees may be recoverable as damages in the appropriate case.

10. We do not address Tabbert's request for attorney fees "incurred in defending ... against Hedrick and Snyder's frivolous, unreasonable, and groundless claims" (Brief of Appellee at 6, n. 8), since Tabbert neither provided cogent argument for the request nor offered legal authority in support of the request. *See* Ind. Appellate Rule 8.3(A)(7).

MATTINGLY, Judge, concurring in result with opinion

I agree that the trial court properly entered summary judgment for Tabbert, as Hedrick and Snyder cannot establish that Tabbert's negligence was a proximate cause of their claimed damages. However, I disagree with the majority's suggestion that appellate attorney's fees are not damages in a legal malpractice action.

On page seven of its opinion, the majority states that "[i]ndeed, Indiana courts have consistently held that a party proves the extent of his harm by showing how he was injured by the *outcome* of the *underlying litigation,* not by showing what action he took as a result of that outcome" (emphasis in original). In support of this contention, the majority cites *Fricke v. Gray,* 705 N.E.2d 1027 (Ind.Ct.App.1999), *Cornett v. Johnson,* 571 N.E.2d 572 (Ind. Ct.App.1991), and *Sanders v. Townsend,* 509 N.E.2d 860 (Ind.Ct.App.1987). I do not believe those decisions support the majority's contention.

Both *Fricke* and *Cornett* address causation rather than damages. *Sanders* does state that it is "axiomatic if the result would not have been otherwise, absent the negligence, the plaintiff is not damaged," 509 N.E.2d at 864; however, that statement cannot be read as defining or limiting damages for legal malpractice.

We have stated that "[t]he measure of damages recoverable in such cases is *generally* the value of the claim lost." *Anderson v. Anderson,* 399 N.E.2d 391, 402 (Ind.Ct.App.1979) (emphasis supplied). However, "generally," to me, does not mean always. It is noted in Ronald E. Mallen and Jeffrey M. Smith, *Legal Malpractice* § 19.10 (4th ed.1996), that expenses of the type Hedrick and Snyder incurred might be recoverable as consequential damages of legal malpractice:

Often a client incurs litigation expenses in an attempt to avoid, minimize or reduce the damage caused by the attorney's wrongful conduct. Mitigation expenses may be charged to the attorney even if the efforts were not productive. The key word is "reasonable." If the effort was made in good faith, with reasonable care, and the expenses bear a reasonable relation to the damages to be avoided or mitigated, the client may recover the expenses incurred.

Mallen and Smith further note that "[t]he client's injury may be the expense of retaining another attorney. Such damages can result from an attempt to avoid or minimize the consequences of the former attorney's negligence." *Id.* § 19.6.

Had Hedrick and Snyder been able to prove that Tabbert's negligence in failing to file the *Bivens* action until after the statute of limitations had run was the proximate cause of the dismissal of their complaints, then I believe they would be entitled to claim appellate attorney's fees as damages. However, as the dismissal of the *Bivens* action was also premised upon the application of 28 U.S.C. § 2676, they cannot establish the requisite proximate cause. For these reasons, I respectfully concur in the result.