**Gary PRICE, David W. Gray and Lewis & Kappes, P.C., Appellants–Defendants,**

v.

**Daniel L. FREELAND, Trustee of the Estate of Consolidated Industries, U.S. Bankruptcy Court No. 98–40533, Appellee–Plaintiff.**

No. 49A02–0410–CV–881.

Court of Appeals of Indiana.

Aug. 17, 2005.

Cory Brundage, Indianapolis, for Appellants.

Mitchell A. Peters, Richard A. Miller, Richard A. Miller & Associates, Merrillville, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Gary Price, David Gray, and Lewis & Kappes, P.C. (collectively "Price") appeal from the trial court's denial of their summary judgment motion in this legal malpractice action brought by Daniel L. Freeland, Trustee of the Estate of Consolidated Industries ("Freeland"). Price presents two issues for our review:

1. Whether the trial court abused its discretion when it denied Price's motion to strike Freeland's affidavit.

2. Whether the trial court erred when it denied his summary judgment motion.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Consolidated Industries ("Consolidated") manufactured home heating furnaces. On March 18, 1994, consumers brought a class action lawsuit against Consolidated alleging that its furnaces were defective and caused property damage and personal injuries. Other class action and individual lawsuits were also filed. Consolidated had insurance policies with multiple insurance companies, all of which denied coverage for the claims. Consolidated hired Price to bring a declaratory judgment action against the insurers to determine whether Consolidated was covered under its policies.

In the meantime, Consolidated declared bankruptcy. The declaratory judgment action was merged with the bankruptcy proceeding, and the United States Bankruptcy Court for the Northern District of Indiana ("bankruptcy court") assumed jurisdiction over the matter. The bankruptcy court directed Consolidated and four of the insurance companies to enter into a stipulation of facts regarding, among other things, the definition of "occurrence" as that term is used in the relevant insurance policies. The interpretation of that term was critical because Consolidated was responsible for the first $250,000 in damages as a result of each "occurrence" the policies covered. On July 2, 1999, Consolidated and the four insurance companies submitted to the bankruptcy court a stipulation of facts that stated in relevant part:

> If the plaintiffs in [the class action lawsuits] or Other Actions can succeed in proving that there was either (a) property damage as a result of physical injury to the real or personal property (other than the furnace) of the plaintiff caused by fire or excessive furnace temperature due to alleged defects in the Consolidated furnace, or (b) bodily injury which was caused from inhaling carbon monoxide fumes emitted by the Consolidated furnaces, *the property damage or bodily injury allegedly caused by each such furnace would constitute a separate oc-*

*currence under the policies* provided by Continental, Wausau, TIG and National Union.

Appellants' App. at 72 (emphasis added).

On December 29, 1999, the bankruptcy court issued a "Decision," which states in relevant part:

The parties have stipulated that damage caused by each furnace constitutes a separate occurrence .... This stipulation comports with the policies' language, which defines an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Since the parties have stipulated as to what constitutes an "occurrence" under the policies in question, *the court need not consider the issue further.*

*Id.* at 160 (emphasis added). But the bankruptcy court never ruled on the declaratory judgment action against the insurance companies. Instead, Consolidated and all of the insurance companies entered into a settlement agreement. Under the terms of that agreement, the insurance companies provided coverage for the class action lawsuits, and Consolidated did not have to contribute any money to the individual settlements.

Still, on June 29, 2001, Freeland filed a complaint against Price alleging that "in creating and agreeing to a Stipulation of Facts wherein Defendant accepted without argument Insurers' interpretation of what constituted an 'occurrence' under the insurance policies and the damages limitations for such occurrences" Price "fail[ed] to exercise the ordinary skill and knowledge of a prudent attorney." *Id.* at 90. Freeland alleged that Consolidated had suffered "considerable financial damages" as a result of the alleged malpractice. *Id.* Price filed a summary judgment motion alleging that: (1) the stipulation could not have been a proximate cause of the alleged injury because it was not binding on the bankruptcy court; (2) the stipulation was legally correct; and (3) the stipulation had no effect on the underlying litigation and could not have caused any harm. Following a hearing, the trial court denied Price's summary judgment motion. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Motion to Strike

■ Price first contends that the trial court abused its discretion when it denied his motion to strike Freeland's affidavit designated as evidence in opposition to Price's summary judgment motion. The trial court has broad discretion in ruling on the admissibility of evidence. *Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.,* 773 N.E.2d 881, 886 (Ind.Ct.App. 2002). This discretion extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules. *Id.*

■ Indiana Trial Rule 56(E) provides in relevant part that affidavits submitted in support of or in opposition to a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Further, "[s]worn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* "The requirements of T.R. 56(E) are mandatory—therefore, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits." *Interstate Auction, Inc. v. Cent. Nat'l Ins. Group, Inc.,* 448 N.E.2d 1094, 1101 (Ind. Ct.App.1983).

In response to Price's summary judgment motion, Freeland designated the following evidence: (1) the December 29, 1999 decision of the bankruptcy court regarding the definition of "occurrence," and (2) his affidavit. Freeland's affidavit provides in relevant part:

7. [The] stipulation of facts, by defining an "occurrence" as relating to each individual furnace rather than the design and/or manufacture of the allegedly defective furnaces, had the effect of holding Consolidated Industries responsible for the first $250,000.00 in damages for each separate injury sustained by each individual plaintiff.

8. As reflected in the record, Gary Price attempted to reverse this stipulation of facts by motion as being an inaccurate statement of both the law and the language in the insurance policies, and when he failed to do so I also attempted it; but on December 29, 1999 the bankruptcy court upheld the stipulation.

9. Though I attempted to argue otherwise before the bankruptcy court, the court's decision upholding the stipulation of facts was found to be binding on myself as the party entering into the stipulation on Consolidated Industries' behalf.

10. The bankruptcy court proceeded to act upon this stipulation of facts, by relying upon its particulars in entering judgment against Consolidated Industries in several summary judgment motions filed by insurance carriers.

11. Based upon my knowledge of the law and years of experience therein, this stipulation of facts is not an accurate statement of the law or reflection of the insurance policy, because it effectively defines the property damage and/or bodily injury suffered by each plaintiff as an "occurrence" itself, rather than it being caused by the occurrence of the design and/or manufacture of the allegedly defective furnaces.

12. On March 17, 2000, I met with Defendant Gary Price in the law offices of Steven Ancel in Indianapolis, Indiana. At that time, Gary Price advised me that there was presently pending before Judge Grant a Motion to Reconsider what he said was an erroneous interpretation of his intended meaning of the language previously quoted in Paragraph 6 of the Affidavit. He stated that he intended the language that each fire equaled an occurrence to only affect when the fire started thus bringing into play more insurance policies, and never intended it to have an effect on the self-insured retention. He went on to explain what he referred to as "triple trigger" which was an occurrence in the policy, a continuing series of events, and if the policy being in place in the event of injury [sic]. He then advised me as to the theories as to why the Judge's initial decision was incorrect based on [the] reasonable expectation of policy owners, illusory policy and the difference between limits and deductibles. The discussion went on for a period of time; however, it was clear that Mr. Price at no time believed Judge Grant's decision to be correct or a correct statement of law.

13. I also believe in my professional judgment that the case of *Stillwell v. Brock Bros., Inc.* (S.D.Ind.1990), 736 F.Supp. 201, a true and accurate copy of which is attached hereto, is not applicable to our stipulation of facts because it interprets Kentucky state law, not Indiana [law]; Indiana law has not consistently applied the *Stillwell* definition of "occurrence"; and definition of the word "occurrence" was not in any case germane to any settlement agreement with Consolidated Industries before Gary Price voluntarily made such a definition part of the stipulation of facts.

14. As a result of Gary Price's actions regarding the stipulation of facts, a great deal of attorney time has been spent attempting to undo the damage caused by the stipulation's definition of "occurrence" and [to] resist insurance company attempts not to cover damages from the allegedly defective furnaces. I have received and reviewed in my capacity as Trustee, billings for attorney fees for attorney hours devoted to these matters, which were expended in an effort to gain the insurance companies' compliance in settling these matters due to the ill-advised stipulation of facts, which now exceed $677,000.00.

15. It is also still possible that Gary Price's actions will adversely affect the Consolidated Industries bankruptcy estate despite the insurance company settlement, depending upon the outcome of the currently pending appeal of the Wausau Insurance Company judgment motions referenced in Paragraph 10 preceding; there may, as well, be future attempts by the insurance carriers in this matter to use the stipulation of facts to attempt to restrict or deny coverage of the pending class action entitled *Stefanyshyn, et al vs. Consolidated* pending in the Tippecanoe Superior Court, Case No. 79D01–9712–CT–59. The Stefanyshyn Class is alleged to consist of in excess of Five Hundred Thousand (500,-000) homeowners of Consolidated manufactured furnaces and has demanded a sum in excess of One Hundred Million Dollars ($100,000,000.00).

Further Affiant Sayeth Not.

Appellants' App. at 174–177. The only document attached to Freeland's affidavit was a copy of the decision of the United States District Court for the Southern District of Indiana in *Stillwell v. Brock Bros., Inc.*, 736 F.Supp. 201 (S.D.Ind.1990).

In his motion to strike Freeland's affidavit, Price contended that the affidavit was "unsubstantiated and conclusory" and was, therefore, deficient under Trial Rule 56(E). Appellants' App. at 178. In particular, Price pointed out that Freeland failed to attach any documentation to support several of his assertions, including the alleged attorney's fees he accrued in allegedly trying to "undo" the stipulation of facts and the bankruptcy court's rulings on several summary judgment motions. Further, Price averred:

> The Freeland Affidavit is inadmissible in its entirety as it contains improper speculation and conclusory testimony that lacks an adequate foundation and fails to disclose that the affiant has the expertise required to render the opinions contained in the affidavit. The Affidavit is also inadmissible because it is outside of and inconsistent with the record herein . . . .
>
> Similarly, the affidavit is objectionable and should be stricken because it contains inadmissible legal conclusions, IRE 704(b). When legal conclusions or opinions are set forth in an affidavit, such statements are improper and must be stricken under Trial Rule 56(E) . . . .

Appellants' App. at 181.

The trial court denied Price's motion to strike the affidavit, but in its order denying Price's summary judgment motion the court stated:

> [Freeland] would be well-served to review the foundational requirements of Trial Rule 56(C) and (E). Specifically, a party cannot refer to a pleading or a ruling in another case without designating a certified copy of that document or the chronological case summary. Merely making conclusions in an affidavit do not make it so for purposes of summary judgment. Facts must be based upon the personal knowledge of the affiant,

not on the affiant's knowledge of statements contained elsewhere.

*Id.* at 9.

■ We conclude that four of the paragraphs in Freeland's affidavit violate the mandatory requirements of Trial Rule 56(E) and should have been stricken. In paragraph 10, Freeland avers that the bankruptcy court relied on the stipulation of facts "in entering judgment against Consolidated Industries in several summary judgment motions filed by the insurance carriers." *Id.* at 175. But Freeland did not attach any documentation regarding the "several summary judgment motions" to which he refers in contravention of the express requirement of Trial Rule 56(E).

■ In paragraph 11, Freeland asserts that the stipulation of facts "is not an accurate statement of the law[.]" *Id.* But that is a legal conclusion, which is prohibited under Indiana Evidence Rule 704(b). Indeed, our supreme court has held that statements by lawyers concerning legal issues, even in a legal malpractice case, are inadmissible, stating, "[i]t is inappropriate for a court to entertain evidence concerning a witness's interpretation of the law." *Walker v. Lawson*, 526 N.E.2d 968, 970 (Ind.1988). The court further held that the submission of affidavits containing legal conclusions did not create a genuine issue of material fact precluding summary judgment. *Id.*

■ In paragraph 14, Freeland refers to "billings for attorney fees for attorney hours" incurred in an effort to "undo the damage" caused by the stipulation of facts. *Id.* at 176. But, again, Freeland has not attached any documentation to support his assertion that the Trustee incurred $677,000 in attorney's fees as a result of Price's alleged malpractice.

■ Finally, in paragraph 15, Freeland makes another reference to the summary judgment motions "referenced in Paragraph 10," but does not attach any documentation of those motions. He further avers that there may be "future attempts by the insurance carriers in this matter to use the stipulation of facts to attempt to restrict or deny coverage" in the *Stefanyshyn* class action suit. *Id.* But that statement is mere speculation. As such, it does not meet the standard of admissible evidence and should have been stricken. *See Wallace v. Woods*, 149 Ind.App. 257, 271 N.E.2d 487, 494 (1971). In sum, the trial court abused its discretion when it denied Price's motion to strike the four paragraphs of Freeland's affidavit as set out above.

### Issue Two: Summary Judgment

Price next contends that the trial court erred when it denied his summary judgment motion. When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind.2005). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.*

■ Price asserts that there is no question of material fact that Freeland cannot establish each of the elements of a legal malpractice claim. In order to establish legal malpractice, a plaintiff must prove: (i) that he employed the attorney; (ii) that the attorney failed to exercise

ordinary skill and knowledge; and (iii) that such failure was the proximate cause of damages to the plaintiff. *Hedrick v. Tabbert,* 722 N.E.2d 1269, 1272 (Ind.Ct.App. 2000). To prove causation and the extent of the harm, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence. *Id.*

■ Here, Freeland has alleged that Price committed malpractice when he entered into the stipulation of facts regarding the meaning of "occurrence" in four of the relevant insurance policies and that Freeland incurred significant attorney's fees in an effort to "undo" the stipulation. In addition, Freeland maintains that he might suffer unspecified future damages. But in support of his summary judgment motion, Price designated evidence that "[a]fter the Court's 'Decision' of December 29, 1999, no further action was taken by the Court to turn that Decision into a judgment or dismissal of the carriers." Appellants' App. at 93. Further, the designated evidence shows that "[n]othing Mr. Price did or failed to do had any impact . . . on the various [insurance] carriers' decision to participate in funding agreements for the purpose of settling the claims against Consolidated." *Id.* at 137.

■ We conclude that there is no genuine issue of material fact regarding proximate cause in this case. "The construction of an insurance contract is a question of law[.]" *Illinois Farmers Ins. Co. v. Wiegand,* 808 N.E.2d 180, 184 (Ind. Ct.App.2004). Because "questions of law

are beyond the power of agreement by the attorneys or parties," any agreement purporting to stipulate to a question of law is a nullity. *See Yelton v. Plantz,* 226 Ind. 155, 77 N.E.2d 895, 899 (1948).

Accordingly, here, where Price and the four insurance companies purported to stipulate to the definition of "occurrence" as that term is used in the relevant policies, that stipulation was not binding on the bankruptcy court. *See Foremost Life Ins. Co. v. Dep't of Ins.,* 395 N.E.2d 418, 428 (Ind.Ct.App.1979). Indeed, the stipulation is a nullity. *See Yelton,* 77 N.E.2d at 899. As such, the stipulation of facts cannot be the proximate cause of any harm to Freeland.

■ Further, Freeland has not alleged, much less shown, that the outcome of the underlying litigation would have been more favorable but for Price's alleged malpractice. The parties to the declaratory judgment action entered into a settlement agreement whereby Consolidated would not have to pay anything to individual claimants. There is no suggestion that the stipulation of facts hindered Consolidated's ability to negotiate the terms of the settlement agreement or otherwise adversely affected the outcome of the litigation.[1] As such, Freeland cannot prove causation or the extent of the alleged harm. *See Hedrick,* 722 N.E.2d at 1272.

In addition, Freeland has not designated any admissible evidence showing damages. Having held that paragraphs 10, 11, 14 and 15 should have been struck from Free-

---

1. There is no designated evidence of what, if any, effect the "Decision" had on the declaratory judgment proceeding. While the bankruptcy court adopted the stipulation, it did not enter judgment. Thus, the matter was in fieri until the final settlement. *See In re Marriage of Pond,* 676 N.E.2d 401, 406 (Ind.Ct. App.1997). Again, as discussed in Issue One, Freeland averred in his affidavit that the bankruptcy court relied on the stipulation and

the "Decision" in entering "several summary judgment motions" against Consolidated. Appellants' App. at 175. But we have held that that paragraph should have been stricken for Freeland's failure to attach any documentation of the summary judgment motions. As such, there is no designated evidence showing that Freeland was harmed by the stipulation or the December 29, 1999 "Decision."

land's affidavit, there is no designated evidence showing that Freeland incurred any damages as a result of Price's alleged malpractice.

In sum, we hold that no genuine issue of material fact exists regarding two elements of Freeland's legal malpractice claim against Price, namely, proximate cause and damages. As such, the trial court erred when it denied Price's summary judgment motion. We reverse and remand with instructions to enter summary judgment in favor of Price.

Reversed and remanded with instructions.

SULLIVAN, J., and RILEY, J., concur.