Maralyn FIDDLER, Appellant
(Plaintiff Below),

v.

Max E. HOBBS, Appellee
(Defendant Below).

No. 3–384A79.

Court of Appeals of Indiana,
Third District.

March 28, 1985.
Rehearing Denied May 14, 1985.

Ronald E. James, Fort Wayne, for appellant.

William E. Borror, Thomas L. Wooding, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee.

HOFFMAN, Judge.

Prior to this action appellant Maralyn Fiddler was represented by appellee Max E. Hobbs in her marriage dissolution proceedings. After the trial court entered its final order in that case, Fiddler retained new counsel and appealed; this Court affirmed the trial court by a memorandum decision rendered on June 30, 1981.

On June 17, 1982, Fiddler filed her complaint for damages against Hobbs claiming that she was damaged in the amount of $30,000.00 and that his negligence in handling her dissolution was the proximate cause of that damage. Hobbs filed an answer in which he denied the material allegations of the complaint and raised the defenses of contributory negligence, assumption of risk, and the statute of limitations. His answer further contained a counterclaim for unpaid attorney fees.

The parties engaged in discovery and on September 2, 1983, Hobbs filed his motion for summary judgment. The trial court ruled in favor of Hobb's motion on November 7, 1983. The court then amended its ruling on November 16, 1983, by reinstating Hobbs' claim against Fiddler for attorney fees. Fiddler now appeals the ruling on the motion for summary judgment, and the sole issue which is dispositive of her appeal is whether a genuine issue of material fact exists on the element of causation.

Fiddler asserts that the grant of Hobbs' motion for summary judgment was improper. When reviewing the grant of summary judgment, this Court must determine whether there is any genuine issue of material fact and whether the law was

correctly applied. *United Food & Com. Workers v. Co. Line Cheese* (1984), Ind. App., 469 N.E.2d 470. The movant must establish that no material facts are in issue and all doubts and fair inferences are to be resolved in favor of the non-moving party. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677.

■ The essential elements of a cause of action for attorney negligence are:

1) the employment of the attorney (the duty);

2) the failure of the attorney to exercise ordinary skill and knowledge (the breach); and

3) that such negligence was the proximate cause (causation);

4) of damage to the plaintiff (damage).

■ The genuine issue of material fact which Fiddler claims to be in existence is whether or not Hobbs' actions or omissions were the proximate cause of her damage.

Fiddler's alleged damages result from that order's distribution of the marital assets. In essence she contends that had Hobbs not been negligent she would have received a different distribution; as it stands, Fiddler received real property in Minneapolis and was ordered to pay her former husband approximately $20,000.00. Fiddler claims that but for Hobbs' alleged negligence she would have received the Minneapolis home free and clear. Her damage is thus the amount she has determined is necessary to have the distribution of assets appear equitable in her eyes, plus the amount of her expenses in attempting to reach that result.

In addressing the issue of causation of Fiddler's damage in its order granting Hobbs' motion for summary judgment, the trial court stated:

"Since there is a multiplicity of potential causes to plaintiff's harm, if she has been harmed, then it is not possible to allocate and determine which of the causes could have been foreseen. to be the source of that harm then causation as the required element of recovery for negligence does not exist.

## FINDING AND CONCLUSION

The Court therefore finds that there is no genuine issue of fact between the parties; and that it cannot be reasonably established that the defendant's negligence was the cause of the plaintiff's loss, or rather financial difficulties, or whether those financial difficulties arose out of the inherent character of the transaction as stemming from the discretionary function of the judge at the final hearing and the combined effects of the internal revenue acts of the United States."

In *Palace Bar, Inc. v. Fearnot, Admx.* (1978), 269 Ind. 405, 381 N.E.2d 858, the Supreme Court of Indiana dealt with the wrongful death issue. Decedent had patronized Palace Bar and while leaving its premises either fell or slid down the stairs. Palace employees asked if they could assist him but he told them to leave him alone. About an hour later the employees discovered that he was still at the bottom of the stairs, but was now unconscious. Emergency units were then called. Decedent died at the scene as a result of a heart attack. At trial on the wrongful death claim there was testimony by a doctor on whether immediately rendered aid by Palace employees would have prevented the heart attack from causing death. The doctor's statement was that such may or may not have saved decedent, but it could only be speculative.

Our Supreme Court, in its opinion on the petition for transfer, ruled that the trial court erred in not withdrawing the issues from the jury. The Court held that evidence which would require the jury to merely speculate is not evidence which would justify a finding of proximate cause.

In the present case, while viewing the evidence most favorable to Fiddler, this Court is convinced that her allegations would call for, at best, mere speculation by the jury on the issue of causation. There is not a scintilla of evidence that but for Hobbs' acts the distribution of marital as-

sets would have been other than what the trial court determined. And given this Court's limited scope of review in those matters, even had Hobbs put additional evidence before the trial court, the court may have made the same distributions, and those distributions may not have been disturbed on appeal.

It is clear that Mrs. Fiddler is an unsatisfied client. The issue of causation asks why? Is it because her divorce counsel did not get her the result she wanted? Is it because the trial court's determination of a just and reasonable distribution of marital assets is not the just and reasonable distribution which she wanted? Is it because the standard of review employed by this Court is not in line with hers?

If the causation issue was given to the jury, the jury could only speculate or guess. This we cannot allow. Therefore, the trial court properly granted Hobbs' motion for summary judgment.

The trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.