Eugene P. CORNETT,
Appellant/Plaintiff,

v.

Phillips B. JOHNSON and/or Johnson
& Eaton, Attorneys At Law,
Appellees/Defendants.

No. 69A04–8911–CV–493.[1]

Court of Appeals of Indiana,
Fifth District.

May 22, 1991.

Rehearing Denied July 23, 1991.

1. This case was reassigned to this office on January 2, 1991.

Michael Thomasson, C. Richard Marshall, Marshall, Thomasson & Garber, Columbus, for appellant/plaintiff.

David C. Campbell, Dennis F. Cantrell, Bingham Summers Welsh & Spilman, Indianapolis, for appellees/defendants.

BARTEAU, Judge.

Eugene P. Cornett appeals the trial court's order granting summary judgment in favor of Phillips B. Johnson in Cornett's

cause of action for legal malpractice. The issues, restated, are:

1. Whether a genuine issue of a material fact existed on the issue of proximate cause, precluding summary judgment;

2. Whether the trial court erroneously granted summary judgment as to Cornett's entire case.

We affirm in part, reverse in part and remand.

## FACTS

Cornett filed a complaint against Johnson, an attorney, for legal malpractice. Johnson represented Cornett during Cornett's divorce proceedings in 1979 and 1980. The division of property issue was tried to the bench before The Honorable Henry Pictor, then Judge of the Ripley Circuit Court. The marital property consisted of some personal property, the balance due for the sale of Cornett's accounting practice, and interests in several joint venture agreements by and between the Cornetts and some of Cornett's accounting clients. Judge Pictor awarded Cornett somewhat more than 50% of the property and awarded the parties joint control over the joint venture properties. That judgment was affirmed on appeal. *See Cornett v. Cornett* (1980), Ind.App., 412 N.E.2d 1232, *trans. denied.*

Cornett alleges that Johnson negligently represented him because he

failed to obtain appraisers for the appraisal of personal property in the marital estate; failed to call witnesses who were familiar with the extreme lack of contribution [of Mrs. Cornett] to Mr. Cornett's business enterprise, both as a public accountant and as a partner in certain real estate ventures; failed to call upon a number of the joint venture partners to explain the importance of the plaintiff as opposed to his wife in the joint venture and the bases for the participation percentage arrangement of the parties to the joint venture; failed to take necessary steps to insure and impress upon the Court the absolute importance of the plaintiff maintaining control of the joint

venture arrangement as was intended by the agreements; and failed to introduce the agreements themselves. In addition, [Johnson] failed to take necessary steps to introduce evidence of the value of [Cornett's] accounting practice at the time of his divorce from his previous wife.

(Answers to Interrogatories, R. 213).

Johnson moved for summary judgment on the ground that Cornett failed to show that the alleged negligent representation proximately caused the alleged damages suffered by Cornett as a result of Judge Pictor's distribution of the marital assets. In response to the motion for summary judgment, Cornett filed the affidavit of Judge Pictor and also called Judge Pictor to testify at the hearing on the summary judgment motion. The substance of the affidavit and testimony is that had the above-described evidence been presented at the trial, Judge Pictor would have taken the evidence into account and ruled accordingly, would have been swayed by expert testimony and probably would have ruled more favorably toward Cornett. The trial court considered Judge Pictor's affidavit and testimony speculative and granted Johnson's motion for summary judgment. Other facts are presented below as necessary.

## STANDARD OF REVIEW

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, *trans. denied.* Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, *reh'g denied.*

## PROXIMATE CAUSE

Cornett argues that the trial court erroneously granted summary judgment be-

cause the affidavit and testimony of Judge Pictor set forth specific facts creating an issue on the question of proximate cause. Johnson contends that the trial court properly disregarded the affidavit and testimony, arguing that the presiding judge in an underlying action should not be allowed to testify in a subsequent legal malpractice action on behalf of a party who appeared before the judge in the underlying action.[2] This is a question of first impression in Indiana.

■ Clearly, in a legal malpractice case it is incumbent upon the plaintiff to prove that the acts or omissions of the attorney proximately caused the damages suffered by the plaintiff. *Fiddler v. Hobbs* (1985), Ind.App., 475 N.E.2d 1172, *trans. denied.* In the present case, Cornett must show that the distribution of the marital property would have been more favorable to him, and specifically that he would have been given control of the joint venture property, if Johnson had presented the omitted evidence.

■ The issue has been stated as "whether the … award actually received by [the plaintiff] should be compared with what … the particular judge in the original divorce action … would have awarded had all of the facts been properly presented to him, or with what a 'reasonable judge,' knowing all the facts, would have awarded" at the time of the original action. *Helmbrecht v. St. Paul Ins. Co.* (1985), 122 Wis.2d 94, 362 N.W.2d 118, 124–125. We believe the better rule is to analyze proximate cause with the objective standard of what a reasonable judge would have done.

In negligence cases, the element of proximate cause is measured by the "reasonable foreseeability" of the harm resulting from the negligent act or omission. *Havert, supra* at 158. It follows that the objective "reasonable judge" standard should be applicable in legal malpractice cases. Also, policy concerns lead us to conclude that the judge hearing the underlying action should

not testify in a subsequent legal malpractice action.

■ The risk of prejudice to the other party would be great if the presiding judge were allowed to testify in a subsequent malpractice action. As stated by the California Court of Appeals:

> We think it prejudicial to one party for a judge to testify as an expert witness on behalf of the other party with respect to matters that took place before him in his judicial capacity. In such instance the judge appears to be throwing the weight of his position and authority behind one of two opposing litigants.

*Merritt v. Reserve Ins. Co.* (1973), 34 Cal. App.3d 858, 883, 110 Cal.Rptr. 511, 528 (quoted in *Helmbrecht, supra,* 362 N.W.2d at 125). For this reason, allowing the judge to testify also calls into question the appearance of impropriety on the part of the judge in violation of the Code of Judicial Conduct, Canon 2(B).

Additionally, if we were to allow the evidence of what the particular judge would have awarded, we would open the door to allowing a jury to be reconvened as witnesses in a subsequent malpractice action for the purpose of testifying how it would have decided the original action if the case had been properly presented. Obviously, this is impractical, inefficient, and "[t]he specter of such a scene throws a chill down our judicial spine." *Phillips v. Clancy* (1986), 152 Ariz. 415, 733 P.2d 300, 421.

■ For the above reasons, we hold that the trial court should not have allowed Judge Pictor to testify and should have granted Johnson's motion to strike the affidavit and testimony. Cornett's only facts on the issue of proximate cause to oppose the motion for summary judgment were those alleged in Judge Pictor's affidavit and testimony. Without those facts properly before it, the trial court correctly found that a genuine issue of material fact did not exist and correctly granted the motion for summary judgment on Cornett's

---

2. Johnson moved to strike the affidavit and testimony of Judge Pictor at the summary judgment hearing. The trial court disregarded the affidavit and testimony without specifically ruling on the motion.

cause of action for the alleged negligence during the trial of the divorce action.

## FULL SUMMARY JUDGMENT

Cornett next argues that the trial court erroneously granted summary judgment on Cornett's entire case. Johnson's motion for summary judgment addressed the lack of evidence establishing proximate cause for the damages resulting from Johnson's alleged negligence during the trial of the divorce action. However, Cornett also alleged negligent acts occurring after the trial of the divorce action and during the pendency of the appeal. These issues were not addressed in the summary judgment motion and hearing. Johnson argues that Cornett did not timely raise the post-trial negligence issues because he did not allege the negligent acts until he filed a supplementary affidavit after the summary judgment hearing and after he filed his motion to correct errors.

■ Our review of the record convinces us that Cornett did timely raise the post-trial negligence issues. Cornett's complaint alleges negligence while Johnson represented Cornett during 1979 and 1980. Johnson represented Cornett on the appeal of the divorce order, decided by this court on December 1, 1980. *See Cornett, supra.* In his answers to interrogatories, Cornett stated that the "breaches in Mr. Johnson's conduct occurred both prior to and during the course of the trial *and possibly subsequent to the time of trial."* (Our emphasis). Additionally, in his original affidavit filed in response to the motion for summary judgment, Cornett supplemented his answers to the interrogatories by specifying the alleged negligent advice given him by Johnson during the appeal of the divorce order.

Because Johnson did not address his motion for summary judgment to the alleged post-trial negligence, the trial court erred in granting summary judgment in favor of Johnson as to Cornett's cause of action based on Johnson's conduct pending the appeal of the divorce order. To that ex-

tent, the order granting summary judgment is reversed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

CONOVER, J., concurs in result with separate opinion.

SHIELDS, J., concurs with separate opinion.

CONOVER, Judge, concurring in result.

While I concur with the majority, the "reasonable judge" standard should be applicable in legal malpractice cases of this nature, I do not believe its reference to the Code of Judicial Conduct is either called for or appropriate. I specifically refer to the following language:

> For this reason, allowing the judge to testify also calls into question the appearance of impropriety on the part of the judge in violation of the Code of Judicial Conduct, Canon 2(B).

(At 575). Initially, I am uncertain as to which judge is targeted by this language, Judge Pictor [1] for testifying, Special Judge Stewart for permitting such testimony, or both. Whatever that intent, I will discuss both cases.

In the first instance, the majority states this is a case of first impression in Indiana. Thus, neither Special Judge Stewart nor Judge Pictor had Indiana precedent to guide them in this matter. In any event, I do not believe either one of them violated the letter or the spirit of Canon 2.

> The pertinent section of Canon 2 reads
> B. ... [a judge] should not lend the prestige of his office to advance the private interests of others; ... He should not testify voluntarily as a character witness.

Clearly, Judge Pictor was not testifying as a character witness. Thus, the question is whether he was lending the prestige of his office to advance the private interests of others. Obviously, Judge Pictor was called to testify as an expert witness on the sub-

---

1. Judge Pictor left the bench on December 31, 1984.

ject, and nothing more. I know of no law, statute, or rule which permits a judge to ignore a subpoena to testify. In such circumstances it cannot reasonably be said Judge Pictor was "[lending] the prestige of his office" to Cornett.

I further know of no law, statute, or rule which grants him immunity from testifying on this subject when under oath. Refusal to do so could have subjected Judge Pictor to contempt proceedings in the court in which he was called to testify. Finally, I know of no law, statute, or rule which gave Special Judge Stewart the right to refuse to hear that testimony when offered without proper objection. Judge Stewart properly disposed of that testimony by finding it speculative and disregarding it.

While this case announces a reasonable rule in this area, I do not believe either judge's ethics should be called into question over this testimony. The reference to Canon 2(B) is unwarranted, I believe, and I would strike it from the opinion were I the writer.

For these reasons, I concur in result only.

SHIELDS, Presiding Judge, concurring.

I agree the trial court erred in granting Phillips B. Johnson's motion for summary judgment in Eugene P. Cornett's cause of action for legal malpractice based upon Johnson's conduct pending the appeal of the judgment in the dissolution action between Cornett and his former wife. I also agree the trial court properly granted Johnson judgment based upon his pre-trial and trial conduct but wish to separately address that issue.

As a moving party defendant Johnson had to show the undisputed material facts negated at least one element of Cornett's claim and that he was entitled to judgment as a matter of law or, alternatively, Johnson had to raise an affirmative defense which would bar Cornett's recovery. *Ogden Estate v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901; *Creighton v. Caylor–Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303. Johnson chose the former alternative and sought summa-

ry judgment on the ground the undisputed material facts negated proximate cause, an essential element in Cornett's legal malpractice claim, and, accordingly, claimed he was entitled to judgment as a matter of law.

Johnson bore the burden of showing the lack of an issue of material fact. Until that showing was made, Cornett, the non-moving party, had no burden whatsoever. Only if Johnson made his required showing was Cornett obligated to come forward and show an issue of fact existed concerning proximate cause.

Johnson made his required showing. Ind.Trial Rule 56(C) did not require Johnson, as the moving party, to support his motion for summary judgment with affidavits or other similar materials negating proximate cause. The rule specifically speaks in terms of affidavits, *if any.* T.R. 56(C). Johnson's only burden was to identify for the trial court those portions of the existing record which demonstrated the absence of a genuine issue of material fact on the issue of proximate cause. Thus, an interrogatory to Cornett, requesting Cornett's evidence on the element of proximate cause, could and did establish Cornett did not have any admissible evidence on proximate cause despite the fact the cause had been pending for several years. Johnson's interrogatory and Cornett's answer read:

Describe completely and in detail each fact and opinion upon which you rely to support an allegation that the damages you seek were proximately caused by the alleged negligence of Phillips B. Johnson. Because of the negligent acts and unprofessional conduct of Phillips Johnson, Adaline Cornett received approximately $550,000.00 more in property than she was otherwise entitled. Further, because of his failures, including his failure to introduce joint venture agreements and to impress upon the Court the absolute necessity of giving the plaintiff control of the business properties or making a division which would eliminate any action in concert between the parties, the plaintiff suffered damages because of inability to sell property, properly develop

property and pay off properties, all in an amount in excess of $5,000,000.00.

Record at 217. Cornett's answer to the interrogatory, or more appropriately, his lack of answer, showed Cornett had neither fact nor opinion evidence on the issue of proximate cause. Hence, with that interrogatory and answer Johnson made his required showing. Therefore, the existing record evidences the lack of a genuine issue of material fact on the issue of proximate cause. Hence, the burden of producing material to evidence a conflict shifted to Cornett.

Cornett attempted to meet his burden of showing a conflict existed with reference to a material fact relevant to the issue of proximate cause by offering the affidavit and testimony of Judge Pictor. However, I fully agree the trial court could not consider that proffered evidence for the reason stated in the majority opinion. Therefore, Cornett did not meet his burden; hence, the trial court properly granted Johnson's motion for summary judgment on Johnson's pre-appeal conduct.

My concern about the majority opinion is that it is totally silent as to the means and manner by which Johnson met his initial burden. Instead, the opinion appears to erroneously impose the initial burden upon Cornett rather than Johnson when it writes, "Cornett must show that the distribution of the marital property would have been more favorable to him, and specifically that he would have been given control of the joint venture property, if Johnson had presented the omitted evidence." At 575. At trial, Cornett's burden is to prove his claim by a preponderance of the evidence; however, that is his trial burden, not his burden at the summary judgment stage. To repeat, Cornett had no burden whatsoever at the summary judgment stage until and unless Johnson, who had the initial burden, fulfilled that burden.

Finally, I agree with Judge Conover's statement in his Opinion Concurring in Result that the reference in the majority opinion to the Code of Judicial Conduct is nei-

ther called for nor appropriate and should be stricken.