Zena CRENSHAW, Plaintiff,

v.

Jeffery J. DYWAN and Anita M. Hodgson, Defendants.

No. 2:98–CV–522–RL–2.

United States District Court, N.D. Indiana, Hammond Division.

Jan. 22, 1999.

Zena D. Crenshaw, Gary, IN, for plaintiff.

Wayne E. Uhl, Indiana Attorney General's Office, Indianapolis, IN, Caroline L. Young, William P. Wooden, Wooden and McLaughlin, Indianapolis, IN, for defendants.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Defendant Judge Dywan's Motion to Dismiss and For Entry of Final Judgment, filed on October 28, 1998, and Plaintiff's Verified Motion for Disqualification of the Honorable Judge Rudy Lozano, filed on December 18, 1998. For the reasons set forth below, the motion for disqualification is **DENIED** and the motion to dismiss is **GRANTED.** The Clerk is

**ORDERED** to **DISMISS** Defendant Judge Jeffery J. Dywan from this case.

*BACKGROUND*

According to the complaint, Zena Crenshaw ("Crenshaw") is an African–American female attorney practicing law in Lake County, Indiana. In 1993, Crenshaw filed a product liability claim in the Lake Superior Court, Civil Division, on behalf of her clients against a corporation represented by Defendant, Anita M. Hodgson ("Hodgson"). Defendant Judge Jeffery J. Dywan ("Judge Dywan") presided over the case. On May 8, 1997, Hodgson verbally requested that the court assess attorney's fees against Crenshaw because the product liability claims were clearly frivolous, groundless, and unreasonable. Over Crenshaw's objection, Judge Dywan entered judgment against Crenshaw pursuant to Indiana Code section 34–1–32–1(b), stating that Crenshaw persisted with claims after they became clearly groundless and unreasonable.

Crenshaw filed a complaint against Judge Dywan and Hodgson in the Lake Superior Court seeking compensatory and punitive damages, as well as declaratory relief. The complaint alleges violations of the supremacy clause of the United States Constitution, the prohibition against excessive fines and penalties under the Eighth Amendment, due process and equal protection clauses of the Fourteenth Amendment, and Title 42 United States Code sections 1983 and 1985, as well as Article I of the Indiana Constitution, Indiana's common law of conspiracy, and Indiana's Uniform Declaratory Judgment Act.

The case was removed to federal court pursuant to 28 U.S.C. section 1446. The record does not indicate any basis for diversity jurisdiction over Crenshaw's state claims. Judge Dywan then filed the instant motion to dismiss based on judicial immunity.

*DISCUSSION*

*Motion for Disqualification*

Crenshaw claims the Court should be disqualified from this case based on 28 U.S.C. section 455. Section 455 provides that a judge should disqualify himself in a proceeding where he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Crenshaw states her intention to take the Court's deposition relating to *Buggs v. Elgin, Joliet & Eastern Ry. Co.*, 824 F.Supp. 842 (N.D.Ind.), a case previously before this Court in which Crenshaw was sanctioned. She alleges that the parallel between the sanctions imposed against her in *Buggs* and those imposed against her in the case before Judge Dywan indicates a pattern of bias against minority attorneys. According to Crenshaw, this parallel infers that "Judge Lozano's motive(s) for sanctioning [Crenshaw] may be probative of [Judge] Dywan's motive(s) for doing so." Thus, Crenshaw maintains that the Court "has relevant personal knowledge, at least as to his own motives." Crenshaw offers no case law supporting her proposition in either her original brief or her reply brief.

 The law is clear in this circuit: "'Personal' knowledge of evidentiary facts means 'extrajudicial.' ... Facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wisconsin, Inc.*, 991 F.2d 1249, 1255–56 (7th Cir. 1993) (citations omitted). *Cf. Green v. State*, 676 N.E.2d 755, 762 (Ind.Ct.App.1996) ("personal knowledge which requires recusal is knowledge acquired from extrajudicial sources, not what the judge learned from his participation in this case"). A judge need not recuse himself because of knowledge of a party gained in a judicial capacity. *Geneva Assurance Syndicate, Inc. v. Medical Emergency Services Assoc.*, S.C., No. 92C1652, 1993 WL 384566, *4 (N.D.Ill.1993) (quoting *United States v. Bond*, 847 F.2d 1233, 1241 (7th Cir.1988)). In her motion for disqualification, Crenshaw does not imply that the Court has any extrajudicial knowledge. She concedes that the Court imposed the sanctions during a judicial proceeding, that being the *Buggs* case.

Further, Crenshaw has not alleged the Court's knowledge of "disputed evidentiary facts" concerning the sanctions issued by Dy-

wan, as required by section 455(b)(1). Crenshaw's attempt to analogize *Buggs* to the case at hand does not satisfy this requirement. *Cf. Lac Du Flambeau*, 991 F.2d at 1255 (finding it "difficult to imagine how judicially-learned facts about different parties in a case similar to the one being tried would require disqualification"). Because Crenshaw has not shown that this Court has extrajudicial knowledge of disputed evidentiary facts, the Court will not disqualify itself pursuant to section 455(b)(1).

Crenshaw intends to discover the Court's motives for issuing sanctions in *Buggs* through a deposition. Crenshaw offers no federal or state case law to support her contention that the Court may be deposed regarding its decisions. She merely quotes Indiana Rule of Evidence 501(a), which states that no one may refuse to be a witness except as provided by Indiana's constitutional, statutory, or common law. Contrary to Crenshaw's belief, Indiana courts have recognized the prejudicial effect of allowing a judge to testify on behalf of a party regarding matters that took place before him in his judicial capacity. *See Cornett v. Johnson*, 571 N.E.2d 572, 575 (Ind.Ct.App.1991) (noting that where a judge testifies in such case, "the judge appears to be throwing the weight of his position and authority behind one of two opposing litigants"). Therefore, "the judge hearing the underlying action should not testify in a subsequent . . . action". *Id.*

The Court may refuse to submit to questioning regarding its mental processes, and will do so here. In *Matter of Cook*, the Seventh Circuit noted that a federal judge properly declined a subpoena requiring her to submit to cross-examination about the proceedings in her court and the rationale for her findings. 49 F.3d 263, 265 (7th Cir.1995). "[F]ederal judges speak through their opinions[;] . . . their mental processes are not subject to examination." *Id.* (citing *Fayerweather v. Ritch*, 195 U.S. 276, 306–07, 25 S.Ct. 58, 49 L.Ed. 193 (1904) (finding that a trial judge was incompetent to testify about the basis of his earlier decision for the purpose of determining whether the issue was actually litigated and a therefore barred by the doctrine of res judicata)). Judges have

not been allowed to testify regarding their mental processes for several reasons, "including unfair prejudice to the opposing party, the difficulty inherent in accurately recreating a mental process, the appearance of impropriety generated by a testifying judge and the solemnity of the record of a decision." *Georgou v. Fritzshall*, No. 93C997, 1995 WL 248002, *4 (N.D.Ill. April 26, 1995) (citations omitted). *See, e.g., Fayerweather*, 195 U.S. at 306, 25 S.Ct. 58; *Cornett*, 571 N.E.2d at 576. Because the Court will not submit to the deposition, there is no need for the Court to recuse from this case. Crenshaw's motion for disqualification is **DENIED.**

### Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a), a complaint should state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). All of the facts and inferences within the complaint should be treated as true and should be construed in the light most favorable to the plaintiff. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir.1994); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996). A complaint should not be dismissed "if the plaintiff could prevail 'under any set of facts that could be proved consistent with the allegations.' " *Luckett v. Rent–A–Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). However, plaintiffs "may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein* 939 F.2d 463, 466 (7th Cir.1991). The Court "will not strain to find inferences favorable to the plaintiffs which are not contained within the complaint." *G.L. Indus. of Mich., Inc. v. Forstmann–Little*, 800 F.Supp. 695, 698 (S.D.Ind.1991) (citing *Coates v. Ill. St. Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir.1977)).

Crenshaw alleges federal and state claims for damages and declaratory relief against Judge Dywan. When a plaintiff presents state law claims pursuant to the

Court's supplemental jurisdiction, 28 U.S.C. section 1367,

> [t]he general rule is that when ... the federal claim drops out before trial ... the federal district court should relinquish jurisdiction over the supplemental claim.... If, however, an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case.

*Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 1846, 137 L.Ed.2d 1049 (1997); *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1251 (7th Cir.1994). In this case, the Court finds that Crenshaw's federal claims are barred due to judicial immunity and the lack of a live controversy. Because the Court finds that Indiana law is clear on the subject of judicial immunity from damages, the Court will proceed pursuant to the exception to the general rule regarding these claims. Therefore, the Court will discuss Crenshaw's federal and state claims for damages simultaneously. Crenshaw's state-based claim for declaratory relief will be discussed separately.

■ Judges are absolutely immune from suit for money damages. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity is immunity from suit, not just from assessment of damages. *Id.* at 10, 112 S.Ct. 286. Immunity is overcome in two instances: (1) a judge is not immune for nonjudicial actions, and (2) a judge is not immune for judicial action taken in the absence of all jurisdiction. *Id.* (citing *Forrester v. White,* 484 U.S. 219, 226–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)); *Cato v. Mayes,* 270 Ind. 653, 388 N.E.2d 530, 532 (Ind.1979). To determine whether a judge's act is "judicial", the court looks at "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial

capacity." *Mireles,* 502 U.S. at 11, 112 S.Ct. 286 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). In this case, Crenshaw does not argue that the actions taken by Judge Dywan were not judicial. Rather, she claims that he lacked personal and subject matter jurisdiction.

■ Crenshaw claims that Judge Dywan's actions are not protected by judicial immunity because she was not a party or subject to service of process in the case before Judge Dywan, and thus he had no personal jurisdiction over her. Personal jurisdiction over the complaining party is not considered when determining judicial immunity. *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986) (*en banc* ); *Newman v. Deiter,* 702 N.E.2d 1093, 1098 (Ind.Ct.App.1998). "Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman,* 793 F.2d at 1076, *cited with approval in John v. Barron,* 897 F.2d 1387, 1392 (7th Cir.1990). *Accord Crabtree v. Muchmore,* 904 F.2d 1475, 1477 (10th Cir. 1990); *Green v. Maraio,* 722 F.2d 1013, 1017–18 (2d Cir.1983); *New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1303–04 (9th Cir.1989) (noting that "lack of personal jurisdiction is insufficient to pierce judicial immunity"). Thus, the Court need not consider Crenshaw's personal jurisdiction argument.[1]

■ "Judicial immunity is a defense so long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction." *John,* 897 F.2d at 1392; *Ashelman,* 793 F.2d at 1078; *Newman,* 702 N.E.2d at 1097. However, if the matter upon which a judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. *Ireland v. Tunis,* 113 F.3d 1435, 1441 (6th Cir.), *cert. denied,* — U.S. —, 118 S.Ct. 560, 139 L.Ed.2d 401 (1997); *Newman,* 702 N.E.2d at 1097 ("judges are entitled to absolute judicial

---

1. The Court notes that even if personal jurisdiction was an issue in this case, Indiana courts have found it within the power of Indiana trial courts to hold non-party attorneys financially liable for their acts. *See Daurer v. Mallon,* 597 N.E.2d 334, 336 (Ind.Ct.App.1992); *Owen v. Vaughn,* 479 N.E.2d 83, 88 (Ind.Ct.App.1985).

immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction"). To explain the difference between acting in the absence of jurisdiction and acting in excess of jurisdiction, the Seventh Circuit has noted that "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Briscoe v. LaHue*, 663 F.2d 713, 722 (7th Cir.1981) (quoting *Stump*, 435 U.S. at 357 n. 7, 98 S.Ct. 1099).

Crenshaw's damages claims against Judge Dywan should not be allowed to proceed because the doctrine of absolute judicial immunity insulates him from liability. *See, e.g., Chapman v. State of Ill.*, 1992 WL 6710 at *3 (N.D.Ill. Jan.13, 1992), *aff'd*, 983 F.2d 1072 (7th Cir.1992). Crenshaw's complaint states that she was acting as plaintiff's counsel in a civil product liability action before Judge Dywan in Lake County Superior Court. Lake County Superior Court "has the same jurisdiction as the Lake Circuit Court in all civil ... cases and matters whether original or appellate." Ind.Code § 33–5–29.5–4(a)(1). Indiana's circuit courts have "original jurisdiction in all civil cases and in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction". Ind.Code § 33–4–4–3. No Indiana law confers original jurisdiction of product liability claims to a particular court. Thus, Judge Dywan had subject matter jurisdiction over the product

liability case. *See John*, 897 F.2d at 1392 (finding Wisconsin state judge within his jurisdiction in presiding over civil matter).

In her complaint, Crenshaw states that Judge Dywan found her pursuit of the product liability claim to be frivolous, groundless, and unreasonable, and awarded attorney's fees to Hodgson's client. The parties agree that Judge Dywan acted pursuant to Indiana Code section 34–1–32–1(b).[2] However, Crenshaw maintains that Judge Dywan conspired with Hodgson to sanction her.[3] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *John*, 897 F.2d at 1391 (citing *Stump*, 435 U.S. at 356–57, 98 S.Ct. 1099); *Owen v. Vaughn*, 479 N.E.2d 83, 86 (Ind.Ct.App. 1985). *Cf. Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir.1988) (determining that disbarring an attorney for contempt of court by invoking a power "possessed by all courts which have authority to admit attorneys to practice" is not made less judicial by allegations of malice or corruption of motive); *Ashelman* 793 F.2d at 1078 (finding that conspiracy involving a presiding judge to predetermine a case's outcome will not pierce the judge's immunity if "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction"); *Jackson v. Manhattan and Bronx Surface Transit Operating Authority*, No. 92 Civ. 2281, 1993 WL 118510, *3 (S.D.N.Y. April 13, 1993). Judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*

**2.** Indiana Code section 34–1–32–1 was recently recodified as section 34–52–1–1, and states in relevant part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.
Ind.Code § 34–52–1–1(b).

**3.** The Court notes that though Crenshaw alleges that Judge Dywan is liable under the Indiana common law of conspiracy, Indiana courts have found that "there is no independent cause of action for a civil conspiracy in Indiana." *Newman*, 702 N.E.2d at 1098 (citing *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1234 (Ind. 1994)).

*v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (citation omitted). Accord *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286; *Newman,* 702 N.E.2d at 1098. As explained above, Judge Dywan did not act in the absence of jurisdiction when he ordered entry of judgment and awarded attorneys's fees. Therefore, Crenshaw's allegations of conspiracy are not enough to surmount the doctrine of judicial immunity. Crenshaw's federal and state law claims for damages are **DISMISSED.**

Crenshaw's complaint also requests declaratory relief. The doctrine of judicial immunity does not apply to claims seeking such preventive relief. *Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir.1989) (citing *Pulliam v. Allen,* 466 U.S. 522, 541, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984)). Consequently, a judge may be sued in an action seeking to enjoin them from pursuing a course of unlawful conduct. *Id.* However, the Court may not grant declaratory relief where no actionable live case or controversy exists. *Robinson v. City of Chicago,* 868 F.2d 959, 966 (7th Cir.1989) (finding that the declaratory judgment statute requires an actual controversy); *City of Hammond v. Bd. of Zoning Appeals,* 152 Ind.App. 480, 284 N.E.2d 119, 126 (Ind.App.1972)(same).

To succeed in a federal claim for declaratory relief, a plaintiff must prove that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Horton v. Marovich,* 925 F.Supp. 532, 539 (N.D.Ill.1996) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Federal courts do not, as a rule, enjoin conduct which has been discontinued with no real prospect that it will be repeated." *Horton,* 925 F.Supp. at 539 (quoting *Ragsdale v. Turnock,* 841 F.2d 1358, 1366 (7th Cir.1988)). In this case, the proceedings before Judge Dywan have concluded, and Crenshaw does not allege that Judge Dywan's illegal conduct towards her still occurs. As a result, any federal claims for declaratory relief against Judge Dywan are moot. *See Horton,* 925

F.Supp. at 539–40 (denying a claim for injunctive relief against a judge as moot); *Sato v. Kwasny,* No. 93C0037, 1993 WL 157461, *4 (N.D.Ill. May 12, 1993) (same). Crenshaw's federal claims for declaratory relief are **DISMISSED.**

The dismissal of Crenshaw's federal claims leaves this Court with jurisdiction over Crenshaw's remaining state-law claims for declaratory relief. *Rosado v. Wyman,* 397 U.S. 397, 402–03, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). Where a court has disposed of the only federal claims in a case, it must then decide whether to retain the remaining state law claims premised on supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Wright,* 29 F.3d at 1251. Whether to retain jurisdiction over Crenshaw's pendant claims is a matter of this Court's discretion. *Rosado,* 397 U.S. at 403, 90 S.Ct. 1207. "[R]etention of a state-law claim is appropriate when the correct disposition of the claim is 'so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law.'" *Wright,* 29 F.3d at 1251–52 (quoting *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993) citations omitted).

Though the Court questions the viability of Crenshaw's remaining state claims for declaratory relief against Judge Dywan, the Court has been unable to find any Indiana case law on point. "Claims that arise under the state constitution should be pursued in state courts rather than in federal court." *Escobar v. Landwehr,* 837 F.Supp. 284, 290 (W.D.Wis.1993). Principles of comity dictate that the state court is a more appropriate forum to decide the resolution of state constitutional law matters between litigants who are citizens of Indiana. Consequently, the Court will not retain jurisdiction over these state law claims for declaratory relief.

The Court is very concerned with the lack of legal research exhibited by Crenshaw and what can be interpreted as an attempt to "judge-shop." *See In the Matter of National Union Fire Ins. Co. of Pittsburgh, Pa.,* 839 F.2d 1226, 1229 (7th Cir.1988) ("judges have

an obligation to litigants and their colleagues not to remove themselves needlessly ... because a change of umpire ... [may] facilitate judge-shopping"); *Sullivan v. Conway,* 157 F.3d 1092, 1096 (7th Cir.1998) (noting that creating the ground on which an attorney seeks recusal is "arrant judge-shopping"). Furthermore, while it is unclear whether Crenshaw chose to pursue this matter on appeal, as an attorney, Crenshaw should know that "[t] he proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1239 (7th Cir.1986); *Boalbey v. Whiteside Cty. Bd. Whiteside Cty., Ill.,* No. 92C20040, 1992 W.L. 373038, *5 (N.D.Ill. Dec.4, 1992). Therefore, this Court reserves the right to issue sanctions against Crenshaw.

### CONCLUSION

For the reasons stated above, Crenshaw's motion for disqualification is **DENIED.** Judge Dywan's motion to dismiss is **GRANTED.** The Court **DISMISSES** Crenshaw's federal claims for damages and declaratory relief, as well as her state-law claims for damages against Judge Dywan. The Court **DISMISSES** Crenshaw's remaining state-law claims for declaratory relief against Judge Dywan. The Clerk is **ORDERED** to **DISMISS** Judge Dywan from this case.